## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

## CIVIL RIGHTS COMPLAINT FORM
## TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

**MARVIN WELLS,**

     Plaintiff,

                                                     **AMENDED COMPLAINT**

**v.**                                             **CASE NO.** 3:15cv180-MCR/CJK

**ALLEN HO,**

     Defendant.

## ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES

## I.  PLAINTIFF(S)

State your <u>full name</u>, inmate number (if applicable), and full mailing address in the lines below.

<div style="margin-left: 2em">

Name of Plaintiff: **MARVIN WELLS**
Inmate Number: 769622
Prison of Jail: Century Correctional Institution
Mailing Address: 400 Tedder Road
Century, Florida 32535-3700

</div>

## II.  DEFENDANT(S)

State the <u>name</u> of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for **every** Defendant.

<div style="margin-left: 2em">

1)  Defendant's Name: **ALLEN HO**
    Official Position: Chief Health Officer/Medical Doctor
    Employed at: Century Correctional Institution
    Mailing Address: 400 Tedder Road
    Century, Florida 32535-3700

</div>

## III.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.

## IV.  PREVIOUS LAWSUITS

NOTE: FAILURE TO DISCLOSE ALL PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

A) Have you initiated other actions in **State court** dealing with the same or similar facts/issues involved in this action?
Yes ( ) No (**X**)

B) Have you initiated other actions in **Federal court** dealing with the same or similar facts/issues involved in this action?
Yes ( ) No (**X**)

2

C) Have you initiated other actions (besides those listed above in Questions (A) and (B)) in **State or Federal court** that relate to the fact or manner of your incarceration (including habeas petitions) of the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes ( ) No **(X)**

## V. STATEMENT OF FACTS:

State briefly the facts of this case. Describe how each Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. Do not make any legal arguments or cite to any cases or statutes. You must set forth factual allegations in separately numbered paragraphs. No more than five (5) additional pages should be attached. **If there are facts which are not related to this same basic incident or issued, they must be addressed in a separate civil rights complaint)**

## STATEMENT OF THE FACTS

1.     Plaintiff is an inmate serving a sentence of 10 ½ years and incarcerated in the Florida

Department of Corrections, Century Correctional Institution located in Century, Escambia Coun-

ty, Florida, for grand theft with approximately 13 months left to serve before his date of release

from prison.

2.     Defendant Allan Ho is solely responsible for healthcare treatments and diagnosis of in-

mates at Century Correctional Institution under the contract that Corizon operates under and that

Plaintiff has as his only means for access to healthcare services.

3.     Plaintiff has made over thirty (30) sick call visits to the Health Services Department to

see Defendant Ho, to address his present medical needs of the internal bleeding that Plaintiff is

experiencing and physically suffering from the illnesses.

3

4.    Defendant Ho has refused to provide the necessary medical treatment to diagnose and to treat the bleeding that continues.

5.    Dr. Allan Ho is a medical doctor who has come under scrutiny and has had filed against him numerous complaints by patients for his lack of providing reasonable or adequate medical services to inmates. Ho's deliberate indifference to Plaintiff's medical needs is presently jeopardizing Plaintiff's health by his refusal to provide diagnostic services or medicine for rectal bleeding, and other illnesses presently suffered by the Plaintiff.

6.    The bleeding Plaintiff is suffering from has caused him to be admitted in the institutional infirmary, but Defendant Ho has failed to provide the necessary medical care to diagnose or to treat and cure the ailment. All indications lead to the fact that Plaintiff is likely suffering from colon cancer or some other form of serious internal disorder or disease.

7.    The Plaintiff has requested that Defendant Ho provide medical services to the Plaintiff in the form of diagnostic care of the illness and to remedy the ailment. Defendant Ho has refused to provide the needed medical care.

## CULTURE OF DELIBERATE INDIFFERENCE

8.    Defendant Ho is continuing his deliberate indifference to Plaintiff's medical needs, by failing or refusing to act or otherwise turning a blind eye to cover-up the lack of proper and adequate medical care that is being provided to the Plaintiff.

9.    Deliberate indifference is indicated by the misconduct of Defendant Ho by his refusal to provide medical care to the Plaintiff.

10.    Defendant Ho has attempted to have the Plaintiff locked up and placed in confinement when he became so upset due to his illness and profuse bleeding from his rectum that Captain

4

Carter who was on duty that day had to intervene and direct Defendant Ho to treat the Plaintiff while he was in the infirmary; Defendant Ho notwithstanding the order refused to provide adequate medical care.

11. There is a pattern and practice by Defendant Ho's malpractice, deliberate indifference, and abuse of his position as a healthcare provider, as he regularly yells and screams at inmate patients, has called inmates "niggers", threatens to lock up the patient for asking questions or requesting medications, berates patients, misdiagnosis illnesses on a regular basis, refuses to treat open and obvious illnesses that are serious.

12. Proper and regular medical practices provided to the public outside of prison and being purposely withheld by Defendant Ho from the Plaintiff is threatening Plaintiff's life. Without the proper medical care, the illness that he is presently suffering from is likely life threatening; but there is no way to know, as Plaintiff has no other way to obtain medical care for his illnesses.

## BACK INJURY FAILURE TO PROVIDE MEDICATIONS

13. In the later quarter of 2009, Plaintiff suffered a major back injury at Century C.I. while performing his assigned job duties in food service.

14. As a result of that injury Plaintiff was advised by medical personnel that he had suffered a back injury and fractured two (2) discs (S-1-L-5) and a pinched sciatic nerve making his right leg go completely numb and without feeling.

15. Plaintiff was not provided any medication for the immediate pain and was required to ambulate an entire prison compound without any assistance while suffering under tremendous pain, was made to use a steel bunk without back support for the injury.

16. Plaintiff was prescribed the medication Tremodol three times (3x) a day in 50mg quantities.

5

17. The medical issues, failure to provide medication by Defendant Ho, and proper treatment have been the subject of numerous grievances beginning on or about December 30, 2010 until the present time.

18. Defendant Ho has refused to prescribe and dispense pain medications for Plaintiff's back condition other than over the counter ibuprofen which does not comport with normal medical practices for the treatment of a his major back injury.

19. Defendant Ho has refused to renew prison medical passes for no prolonged standing, no pull, push, lifting or bending and lower bunk passes issued by medical specialists as a result of the injuries. Without these passes Plaintiff's injuries are significantly exacerbated and has been resulting in great pain and suffering.

20. Defendant Ho's failure to provide treatment for a significant back injury is contrary to the medical specialists' prescriptions for pain medication and treatment of the back injury.

21. Defendant Ho has a reputation in the Century C.I. prison environment for refusing to provide medical treatment to inmates for numerous conditions and regularly through a pattern and practice of a personal predisposition to take a dislike of inmates causes Defendant Ho to use his medical license to harm inmates by refusing to provide adequate and proper care to inmates.

22. Defendant Ho has resorted numerous times to attempt to have inmates locked up in confinement for discussing their medical treatment and has attempted to do so to the Plaintiff.

23. Defendant Ho yells and screams at inmates including the Plaintiff, berating and demeaning Plaintiff and hundreds of others denying medical care by not treating the Plaintiff for the documented injuries.

6

24. Plaintiff struggles regularly to just be able to walk, and is constant pain that is directly resulting from the job injuries.

25. Plaintiff has not gone to eat numerous times because the pain is so significant as preventing him from walking to the chow hall.

26. Defendant Ho has not provided any type of rehabilitative care for the treatment of the back injuries.

27. Defendant Ho has an innate prejudice against inmates and treats the Plaintiff with contempt interfering with the dispensing of proper medical services.

28. Plaintiff is not being treated according to the directives of specialists, including orthopedists and back injury specialists.

29. Plaintiff has no other available or adequate remedy at law.

## JURY DEMAND

30. Plaintiff demands trial by jury of all claims and issues triable as of right by jury.

## JURISDICTION, VENUE, AND PARTIES

31. Jurisdiction of this Court is invoked under 28 U.S.C. § 1331 (federal questions) as this action arises under the Constitution and Laws of the United States, 28 U.S.C. § 1343 (civil rights) as this action seeks redress for civil rights violations under 42 U.S.C. § 1983.

32. Plaintiff's claims for relief are predicated upon 42 U.S.C. § 1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges and immunities, and/or religious beliefs or practices, respectively, or those rights secured by the Eighth, and/or

Fourteenth Amendment to the United States Constitution and laws of the United States, and State law claims for negligence and/or gross negligence.

33. This Court has jurisdiction over claims seeking declaratory and injunctive relief pursuant to U.S.C. §§ 2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure.

34. Plaintiff's claims for attorneys fees and costs is predicated upon 42 U.S.C. § 1988, which authorizes the award of attorney's fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S.C. § 1983, *et. seq.*

35. Venue properly lies in the Northern District of Florida and in the Pensacola Division pursuant to 28 U.S.C. §1391(b) (1), and (2).

36. Defendant Allan Ho is a Medical Doctor who is privately employed by Corizon, at the Century Correctional Institution, in Escambia County, Florida. Defendant, Allan Ho, is, and was, at all times relevant to this Complaint, the Chief Health Officer, Century Correctional Institution, employed by Corizon, a Comprehensive Health Care Contractor, contracted to provide services to the inmate population by the State of Florida, and/or the Florida Department of Corrections, and as an employee contracted or not, is subject to the strictures of the Florida Statutes, specifically, but not limited to, §§20.315(1)(d), 20.315(3)(c)(2), as well as, the Administrative Law, specifically, but not limited to, the Florida Administrative Code, Chapter 33-602.101(9) and Chapter 33-208.002, respectively, and the procedures manuals.

37. Plaintiff seeks temporary, preliminary, and permanent injunctive relief, pursuant to Rule 65 of the Federal Rules of Civil Procedure.

## V.   STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim and relate it to the facts allege in Section V. **If claims are not related to the same basic incident or issue, that must be addressed in a separate civil rights complaint.**

### COUNT ONE
### DELIBERATE INDIFFERENCE TO MEDICAL NEEDS

38.   Paragraphs 1-37 are hereby incorporated by reference herein as if set forth at length.

39.   Defendant Ho's actions as alleged herein, constitute State action as a private agent and/or employee.

40.   Defendant Ho is employed and he operates under in the performance of his assigned duties.

41.   Plaintiff's only source of medical care at the Century Correctional Institution is from Defendant Ho.

42.   Defendant, Allan Ho, having personal knowledge of the Plaintiff's numerous medical conditions, has failed in his duty to provide medical care and treatment consistent with evolving standards of decency, displaying a racially and personally motivated continual pattern of recklessness with treatment so inappropriate as to evidence intentional maltreatment, misfeasance, malfeasance and callous deliberate indifference to the Plaintiff's Constitutional right to be free from cruel and unusual punishment.

43. Defendant, Allan Ho, through his own purposeful ignorance, and strict adherence to FDOC's clearly established policy that all inmates are "subhuman", and do not deserve "proper" medical care and/or treatment has caused the wanton and unnecessary infliction of pain and suffering, a direct, and apparently FDOH and/or Corizon officially sanctioned violation of the Plain-

9

tiff's Eighth Amendment rights, and is totally without, and completely devoid of, any penalogical justification.

44. Defendant Allan Ho, at all times acting under color of state law, has shown, and continues to show, deliberate indifference to the Plaintiff's serious medical needs, and as such, is sued in his individual and official capacity.

45. Defendant Ho owed and breached duties of ordinary and reasonable care to Plaintiff in connection with his duty of care to Plaintiff as an inmate in the custody care and control of the Florida Department of Corrections, Century Correctional Institution.

46. Defendant Ho has willfully and with deliberate indifference refused to provide medical diagnosis of Plaintiff's rectal bleeding and illnesses by failing to provide a colonoscopy or other medical procedure to diagnose and treat the rectal bleeding that Plaintiff suffers from.

47. Defendant Ho has willfully, knowingly and with deliberate indifference refused to provide medical treatment for Plaintiff's rectal bleeding.

48. Defendant's actions in failing to comply with the dictates of the contract, State policy and regulations, for medical care, refusal to provide medical care for a serious life threatening condition is a violation of the Eighth Amendment to The Constitution of the United States and contrary to 42 U.S.C. § 1983, *et. seq*.

49. Plaintiff is and continues to be injured in his person by reasons of the Defendant's deliberate indifference to Plaintiff's medical needs and any subsequent or ongoing acts, is due judgment against Defendant Ho for damages, costs, and attorneys fees.

10

## COUNT TWO
## **DELIBERATE INDIFFERENCE - CRUEL AND UNUSUAL PUNISHMENT**

50. Paragraphs 1-49 are hereby incorporated by reference herein as if set forth at length.

51. Defendant's actions, as alleged herein, constitute State action.

52. Plaintiff's only source of medical care at the Century Correctional Institution is from Defendant Ho.

53. Defendant Ho owed and breached duties of ordinary and reasonable care to Plaintiff in connection with his duty of care to Plaintiff as an inmate in the custody care and control of the Florida Department of Corrections, Century Correctional Institution.

54. Defendant Ho has willfully and with deliberate indifference refused to provide medical diagnosis of Plaintiff's rectal bleeding and illnesses by failing to provide a colonoscopy or other medical procedure to diagnose and treat the rectal bleeding that Plaintiff suffers from.

55. Defendant Ho has willfully, knowingly and with deliberate indifference refused to provide medical treatment for Plaintiff's rectal bleeding.

56. Defendant's actions in failing and/or refusing to comply with the dictates of the contract, State policy and regulations, for medical care, refusal to provide medical care for a serious life threatening condition is a violation of the Eighth Amendment to the Constitution of the United States and contrary to 42 U.S.C. § 1983, *et. seq*.

57. Deliberate indifference to these basic medical needs violate the Eighth Amendment to the United States Constitution, and 42 U.S.C. § 1983, *et. seq*.

58. As a direct and proximate result of the foregoing acts of Defendant Ho, Plaintiff has been injured, is due judgment , costs of suit, and attorneys fees; and demands equitable relief in

11

the form or an injunction against the Defendants directing to provide immediate care for the ill-

ness.

## COUNT THREE
## EQUITABLE RELIEF FOR TEMPORARY RESTRAINING ORDER
## AND/OR PRELIMINARY INJUNCTIVE RELIEF

59.     Paragraphs 1-59 are hereby incorporated by reference herein as if set forth at length.

60.     Defendant's actions, as alleged herein, constitute State action.

61.     Plaintiff's only source of medical care at the Century Correctional Institution is from

Defendant Ho that is enforceable by the FDOC.

62.     Defendant Ho owed and breached duties of ordinary and reasonable care to Plaintiff in

connection with his duty of care to Plaintiff as an inmate in the custody care and control of the

Florida Department of Corrections, Century Correctional Institution.

63.     Defendant Ho has willfully and with deliberate indifference refused to provide medical

diagnosis of Plaintiff's rectal bleeding and illnesses by failing to provide a colonoscopy or other

medical procedure to diagnose and treat the rectal bleeding that Plaintiff suffers from.

64.     Defendant Ho has willfully, knowingly and with deliberate indifference refused to pro-

vide medical treatment for Plaintiff's rectal bleeding.

65.     Defendant's actions in failing to comply with the dictates of the contract, State policy

and regulations, for medical care, refusal to provide medical care for a serious life threatening

condition is a violation of the Eighth Amendment to The Constitution of the United States and

contrary to 42 U.S.C. § 1983, *et. seq*.

12

66.     Deliberate indifference to these basic medical needs violate the Eighth Amendment to the United States Constitution, and 42 U.S.C. § 1983, *et. seq.*

67.     As a direct and proximate result of the foregoing acts of Defendant Ho, Plaintiff request equitable relief in the form of a Temporary Restraining Order, and/or Preliminary Injunction. The relief requested is in the form of equitable relief Ordering Defendants to have Plaintiff immediately and without delay transported to West Florida Hospital, Sacred Heart Hospital, or Baptist Hospital for treatment and care of what appears to be a life threatening condition; and thereby demands equitable relief in the form of an temporary restraining order and/or preliminary injunction against the Defendants directing them to provide immediate care for the illness.

## VI.   RELIEF REQUESTED:

### REQUEST FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court grant the following relief:

1. Enter a Temporary Restraining Order and/or Preliminary Injunctive Relief that Plaintiff be transported and taken forthwith to a local emergency room at either West Florida Hospital, Sacred Heart Hospital, or Baptist Hospital for all diagnosis, treatment and care as ordered by that healthcare organization, and that Defendant abide by those medical orders;

2. Award Plaintiff damages, nominal and compensatory damages against Defendant, of a sufficient amount to compensate Plaintiff for, among other things, Defendant's deliberate indifference to Plaintiffs' basic rights, medical needs, physical injury, costs of suit, interest, attorneys fees, and other damages to be proven at trial;

3. Award Plaintiffs damages appropriate as to be determined at trial by jury;

4. Grant Plaintiff such other and further relief as the Court may deem just and equitable.

**I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

Date: _7-13-15_

_Marvin Wells_

Marvin Wells, DC# 769622
Century Correctional Institution
400 Tedder Road
Century, FL 32535

Plaintiff, *Pro Se* Litigant

PROVIDED TO
CENTURY CI ON

JUL 1 3 2015

FOR MAILING _____

MARVIN WELLS #709622
CENTURY CORRECTIONAL INSTITUTION
400 TEDDER RD
CENTURY FL 32535-3700

MAILED FROM A
STATE CORRECTIONAL
INSTITUTION

Hasier
07/14/2015
US POSTAGE
$00.92⁵

ZIP 32535
011D11638008

325028555

US DISTRICT COURT
ONE NORTH PALAFOX ST
PENSACOLA FL 32502